UTICA NATIONAL BANK AND TRUST COMPANY, as Administrator, etc., of RAYMOND C. MAYS, Deceased, Plaintiff, *v.* GEORGE H. NICKEL and Another, Defendants.

Supreme Court, Oneida County, December 22, 1926.

Trial — motion by defendant's attorney to change record by inserting word " exception " after refusal to charge as requested — claim by said attorney that he uttered word " exception " in low voice so as not to disturb court while addressing jury — affidavit of plaintiff's attorney indicates no exception taken by any of parties to action — " whispered exceptions " discouraged — motion denied.

A motion by defendant's attorney to change the record in an action for negligence, by inserting the word " exception " after the court's refusal to charge as requested by said attorney, must be denied, where the only proof before the court that said attorney requested that an exception be noted, is his own affidavit to the effect that he uttered the word " exception " in a low voice so as not to disturb the court while addressing the jury, particularly where the court has no recollection as to whether or not an exception was taken, and affidavits of plaintiff's attorneys indicate that no exception was taken by any of the parties to the action.

While opportunity should always be given to review rulings, yet, if a record can be corrected under these circumstances, it will only encourage the continuation of making " whispered exceptions."

MOTION to change the record by inserting the word " exception " after a refusal to charge.

*Arthur N. Gleason* [*Arthur J. Foley* of counsel], for the plaintiff.

*Kernan & Kernan*, for the defendants.

SMITH, J.    The above-entitled action was tried at the Oneida Trial Term on the 8th of October, 1926, and this motion is to have inserted in the minutes, after a refusal to charge, the word " exception."

Upon the trial there were a number of requests to charge, and among them the following: " That in order for the right of way to have been yielded by DeMarco he must have done something else other than to just simply stop his car momentarily."    In response to this request the court stated as follows: " I refuse so to charge.    It is a question of fact for the jury."    Then there follow instructions to the jury as to a sealed verdict.    The record shows no exception taken to the above-noted refusal to charge.

Mr. Burns, who conducted the trial of the case for the defendants, states in his affidavit that he, the deponent, " who was standing when he made the above request, and His Honor made his ruling thereon, continued to remain standing until after His Honor had started to address the jury in the language, ' now, gentlemen of the jury,    *    *    *,' deponent thinking that His Honor was continuing to discuss deponent's request; that upon observing that such was not the case, deponent seated himself, and in so doing quietly said ' exception,' deponent at the time speaking quietly intentionally so as not to create the impression of discourtesy to His Honor as His Honor was speaking."    The official stenographer advises the court as follows: " I haven't noted the exception, if he took one.    I wouldn't want to say that he didn't, but attorneys have a habit of almost whispering the word ' exception.' "    The attorney for the plaintiff, Mr. Gleason, states in his affidavit: " It is deponent's recollection that upon such request that the Court in his concluding words to the jury refused the request and gave directions to the jury for a period of one or two minutes, and that no exception was taken by any of the parties to the action.    *    *    *    Deponent further says that the incident is clear in his mind, and that he feels certain that no exception was taken." Mr. Foley, of counsel for the plaintiff, makes affidavit to the same effect.

Of course, the court has no recollection whatsoever as to whether an exception was taken or not.    Counsel for the defendant DeMarco had an opportunity to have an exception noted at any time after the charge and before the jury had rendered a verdict, after which time his right to an exception in this instance ceased — unless it should appear that the record was incorrect.    Can it be said that a record should be corrected upon the affidavit of an attorney who states that, out of courtesy to the court and evidently with the purpose that the court should not be interrupted by hearing

it, he uttered the word "exception" in such a low voice that the stenographer did not catch it and neither of the attorneys on the opposite side, sitting close by, heard it? While I am of the opinion that the greatest of opportunity should be given to review rulings, yet, if a record can be corrected under these circumstances, where no utterance was made loud enough so that anybody heard it, how far will we be from a situation where the court would be called upon to note in the record a mental concept, unexpressed, that an exception had been taken?

An exception taken is notice to the court that the attorney taking the exception thinks an error has been committed in a ruling, and notice is thereby given to the court and to the attorney on the opposing side that there is a possibility of error, and opportunity then remains to correct any error. No such opportunity was here given. The court does not question the truth of the affidavit of Mr. Burns; I am accepting his statement as the fact; but I think the occasion is ripe to discourage "whispered" exceptions. If an exception is to be taken, certainly the justice presiding, who desires to avoid error, should have his attention arrested by the fact that there is claim of error.

The application to modify the record is denied.

Ordered accordingly.